### THROPP and others *vs.* FIELD.

That the injury complained of was done before the service of the injunction upon the defendant, and that his acts since the service of the injunction have done the complainant no further injury, will not, when those acts were intended to make the injury complete, and the obvious intention of the interdict was to prohibit him from continuing the injury, relieve the defendant from the effects of his violation of the injunction.

On order to show cause why defendant should not be committed for contempt as for violation of injunction.

*Mr. A. Reed,* for complainant.

*Mr. E. T. Green,* for defendant.

THE CHANCELLOR.

On the filing of the bill in this cause, an injunction was issued by the injunction master, which, after reciting that the bill complained that the defendant had removed and intended to remove certain belts, communicating power to the machinery of the complainants, and had obstructed or disconnected a pipe, supplying a blast to the forges of the complainants, enjoined the defendant to desist and refrain from remov-

ing any belt or gearing connecting the power of the defendant's engine with the machinery in and on the premises leased by him to the complainants, and from obstructing the blast to the complainant's forges in and on the leased premises, and from any act interfering with the furnishing of the necessary power to complainant's machinery, as furnished at the time of executing the lease, and from doing or causing to be done, any act interfering with the free and full enjoyment by the complainants, of the covenants in the lease, until the possession of the complainants under the lease, should be terminated by lapse of time, or until the further order of the court.

The bill states, that in 1871, the complainants having held their premises, (a machine shop, foundry and blacksmith shop,) under lease from the defendant, for the five years next preceding, again leased them of him for the purposes of their business, for a further term of five years, with privilege of renewal; that the lease provided that the power requisite for their business should be provided by the defendant at his expense; that it was, in fact, furnished by means of shafting and belting from the engine on his premises adjoining, the blast for their forges being furnished through a pipe leading from the fan on his premises to theirs; that on the 27th of July last, he, claiming a right to put an end to the lease for non-payment of rent, entered on their premises and detached the belt, and by digging down to the pipe on his premises and in some way obstructing it, cut off the blast, and that they with difficulty and danger, replaced the belt and so continued the power from the engine to the shafting on their premises. Thus matters stood at the filing of the bill; the power was being furnished from the engine to the shafting on the complainants' premises, but the blast continued to be obstructed. The defendant says, the obstruction was a " damper " which he put in. Whatever it was, it was an obstruction, evidently intended to deprive the complainants of the blast. After the injunction was served, the defendant took up and removed a considerable portion of the pipe by which the blast had been conducted from his premises to those of the complain-

ants, and closed up the remaining portion at the ends which had been made by the removal of the piece.

On motion, based on affidavit, an order was made that for this act, he be committed for contempt as for a violation of the injunction, unless he should show cause to the contrary. He now for cause urges, that when the bill was filed, the blast was effectually cut off by the damper, and that therefore, his act in taking up the pipe and closing the ends made by the removal of a part of it, in no wise injuriously affected the complainants; and further, that the injunction did not in terms, restrain him from the act complained of, and that the writ was not mandatory in form, and will not be construed as if it were intended to be so.

It is clear that the defendant has violated the mandate of this court. The obvious intention of the interdict was to prohibit him from continuing to obstruct the blast to the forges of the complainants. Notwithstanding that prohibition, he completely severed the connection between the fan and the complainants' premises, and forbade the complainants to enter upon his premises to restore it. The damper was a temporary obstruction merely; the removal of the pipe was a complete destruction of the connection, and it was intended to be so. He must be adjudged to be in contempt.